ground that there was a surrender of the premises by lessees and a new lease to a corporation which took over the business of defendants, and that lessor made a new lease of the premises, in the absence of legal proof of such new lease or surrender of the old one, verdict for plaintiff for rent was properly directed.

The People of the State of Illinois ex rel. Emma L. Parker, Plaintiff in Error, v. Mrs. William Bryson, Defendant in Error.

Gen. No. 21,232.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed February 24, 1916.

### Statement of the Case.

Habeas corpus by Emma L. Parker, relator, to require respondent, Mrs. William Bryson, to produce relator's child in court to determine right of custody. From judgment remanding child to respondent, relator sues out writ of error.

While there was evidence of the mother's fitness to have the care and custody of the child, there was a stipulation only as to respondent's fitness, and recognizing as a fact the fitness of each, the trial court's order rested wholly on findings that the mother had abandoned the child on the date of its birth and that since that time it had been in the care and custody of respondent. Mrs. Parker lived in a country town in Fulton county, Illinois. She had been housekeeper for Dr. E. S. Parker of that town, the father of the child, and about July 1, 1912, had come to Chicago pursuant to arrangements made by him for her approaching

accouchement. It was intended that her condition should be kept secret from their friends and especially from his aged, invalid mother who lived with him and to whom he had made the promise not to marry while she lived. In view of relator's condition, however, he married her secretly at Milwaukee, Wisconsin, July 24, 1912, and though his mother died the following month the marriage and subsequent birth of the child on November 12, 1912, at the Polyclinic Hospital, Chicago, did not apparently become public until after his death in May, 1914. They never lived together after the marriage. She appeared to have been left helpless and alone among strangers and amid circumstances with which she was unfamiliar and unable to cope. In such situation she made known to the matron of the hospital and Dr. Bacon in charge that on account of "conditions at home she could not reveal the marriage nor arrange to care for the baby," and wanted a good home for it if she could not keep it. Accordingly pursuant to arrangements (of which she was evidently not fully advised), the child was taken from her arms and the hospital on the day of its birth and delivered to the respondent, Mrs. Bryson. She did not know who had the child, and Dr. Bacon, alone, of all her acquaintances did know. She afterwards frequently asked him about it but got no definite or satisfactory answer. Thrown upon her own resources and counsel, and still feeling bound to shield her husband and conceal the situation, she remained in Chicago in respectable employment earning only about enough for her own support. After her husband's death the matter became public, and learning for the first time through the public press that Mrs. Bryson had her child she immediately demanded possession of it, the refusal to give which resulted in said proceedings.

SHEPARD, MCCORMICK, THOMASON, KIRKLAND & PATTERSON, for plaintiff in error; PERRY S. PATTERSON, of counsel.

BENJAMIN E. BURR, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

PARENT AND CHILD, § 3*—*when parent entitled to custody of child.* Where in habeas corpus proceedings for the custody of a child, it appears that the mother has not forfeited the right to her child by absolute relinquishment or some course of conduct or conditions that render its assertion incompatible with the parental claim and the child's best interests, she will be given the custody of such child as against the foster mother thereof.

---

### A. J. Bates Company, Defendant in Error, v. Joseph Di Nunzio, Plaintiff in Error.

### Gen. No. 21,233.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed February 24, 1916.

### Statement of the Case.

Action in replevin and trover by A. J. Bates Company, plaintiff, against Joseph Di Nunzio, defendant. From a judgment for plaintiff, defendant brings error.

CAIROLI GIGLIOTTI, for plaintiff in error.

M. M. JACOBS, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.